IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

06-61481

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ATLANTA BREAD COMPANY )<br>INTERNATIONAL, INC. and )<br>ARO ENTERRPISES OF MIAMI, INC. )<br>a/k/a ARCA ENTERPRISES, INC. d/b/a )<br>ATLANTA BREAD COMPANY )<br>Defendants. )<br>_____/ | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY DEMAND<br>INJUNCTIVE RELIEF<br>REQUESTED |

CIV - HURLEY

/ZHOPKINS



## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief due to Matthew McCullough, Lucian Thompson and similarly situated individuals (together "Claimants") who were adversely affected by such practices. As stated with greater particularity in the paragraphs below, the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or "Commission") alleges that Defendants segregated the workforce based upon race and terminated the Claimants because of their race, Black.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## PARTIES

3.  Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and -6.

4.  At all relevant times, Defendant Atlanta Bread Company International, Inc., a Georgia based company that operates and franchises more than 160 bakery cafes in more than two dozen states, has continuously doing business in the State of Florida and the City of Pembroke Pines, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Atlanta Bread Company International, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  At all relevant times, Defendant ARO Enterprises, Inc., a company that owns at least two Atlanta Bread Company franchises in Florida, has continuously been a Florida Corporation, doing business in the State of Florida and the City of Pembroke Pines, and has continuously had at least 15 employees.

7.  At all relevant times, Defendant ARO Enterprises, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Matthew McCullough and Lucian Thompson filed charges of discrimination with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  Since at least June 2005, Defendants have engaged in unlawful employment practices at its Pembroke Pines facility, in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2):

(a)  From at least June 2005 Defendant segregated its workforce by race, allowing Non-Black employees to serve customers and assigning Black employees to the back of the restaurant performing cleaning duties; and

(b)  From at least June 2005 Defendants terminated the Claimants because of their race.

10.  The effect of the unlawful employment practices complained of in paragraph 9 above has been to deprive the Claimants of equal employment opportunities, and otherwise adversely affect their status as employees because of their race.

11.  The unlawful employment practices complained of in paragraph 9 above were intentional.

12.  The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of the Claimants.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in racial discrimination in their policies, practices and procedures, at its Florida facilities, and any other employment practice which discriminates on the basis of race and national origin.

B.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendants to make whole the Claimants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of their unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, and front pay.

D.   Order Defendants to make whole the Claimants by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraph 9 above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

E.   Order Defendants to make whole the Claimants by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraph 9 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay punitive damages for its malicious and reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS

4

Regional Attorney

NORA E. CURTIN
Supervisory Trial Attorney

*Lauren G. Dreilinger* (signature)
Lauren G. Dreilinger
Trial Attorney
New York Bar No. 750288890
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel. (305) 808-1788
Fax (305) 808-1835
Email: Lauren.dreilinger@eeoc.gov

# CIVIL COVER SHEET

**06-614**

JS 44 (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
U.S. EEOC
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131   (305) 808-1795

## DEFENDANTS
Atlanta Bread Company International, Inc. and ARO Enterprises of Miami, Inc. a/k/a Arca Enterprises, Inc. d/b/a Atlanta Bread

County of Residence of First Listed Defendant: Cobb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**06-61481**

Attorneys (If Known)
Patrick DeBlasio
Jackson Lewis, LLP

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                              DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Sections 703(a)(1) and (2) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

LENGTH OF TRIAL via 7-10 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
*Lauren Dreilinger*

DATE
September 28, 2006

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____